UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-30023 |
| ) | |
| KELSEY HICKMAN, ) | |
| ) | |
| Defendant. ) | |

### ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held in this case on April 19, 2021. The Court has determined that the defendant, Kelsey Hickman, must be held without bond pending further proceedings.

The Court has considered all of the factors listed in 18 U.S.C. § 3142(g) and all of the evidence and information presented by the parties and in the pretrial services report relating to those factors. After weighing those factors and the available evidence, the Court concludes the United States' motion for detention should be allowed.

The Court finds the following information has been established by clear and convincing evidence, and the evidence establishes that no

1

conditions of release will reasonably assure the defendant's appearance and the safety of any other person and the community.

## Findings of Fact and Reasons Detention Required

Based upon the credible evidence and information received during the defendant's detention hearing, the Court finds:

1. The defendant is charged with controlled substance and firearm offenses.

2. There is a rebuttable presumption of detention.

3. Probation recommends detention based upon the risk of flight and the danger to the community if the defendant were released as stated in the pretrial services report.

4. Based on the information proffered to the Court, the evidence in this case is strong.

5. The defendant has a criminal history, including felony drug convictions in Missouri.

6. The defendant was out on bond pending trial in two state felony drug offenses at the time of the alleged underlying offenses.

7. The defendant has been unemployed since January 2020

        and reported daily methamphetamine and marijuana use in the pretrial services report.

8. The defendant has a lengthy history of failing to appear in state court, including recent failures to appear in her pending state felony cases.

9. Narcotics violators, if released, are likely to continue to engage in criminal activity undeterred by pending charges or conditions of release. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

10. No combination of conditions of release will reasonably assure the defendant's appearance and the safety of any other person and the community.

IT IS THEREFORE ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a Court of the United States or on request of an attorney for the United States, the person

in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

ENTER: April 21, 2021.

\_\_s/ *Tom Schanzle-Haskins*\_\_\_\_
TOM SCHANZLE-HASKINS
UNITED STATES DISTRICT JUDGE