UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-30023 |
| | ) | |
| KELSEY HICKMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION IN LIMINE**
**REGARDING RULE 404(b) EVIDENCE**

The United States of America, by Gregory K. Harris, United States Attorney for the Central District of Illinois, and Matthew Z. Weir, Assistant United States Attorney, respectfully submit the following motion *in limine* seeking admission of other crimes evidence pursuant to Rule 404(b).

**BACKGROUND**

1. The defendant was charged by indictment with distribution of 5 grams or more of methamphetamine (actual) (Count One); possession of a substance containing methamphetamine with intent to distribute (Count Two); possession of a firearm during and in furtherance of a drug trafficking crime

(Count Three); and unlawful possession of a firearm by a convicted felon (Count Four).

2. Count One is based on an undercover or controlled purchase of methamphetamine from the defendant using a confidential source on February 10, 2021. The remaining counts are the result of evidence recovered during a search of the defendant's residence on March 11, 2021.

3. The government has tendered notice to the defendant that it intends to call an expert witness at trial who will testify that the evidence in this case is indicative of drug sales and that the defendant appears to have possessed the methamphetamine charged in Count Two with the intent to distribute it.

4. The same expert witness will testify about the common involvement of firearms in drug trafficking crimes and that it is common for those engaged in drug trafficking to possess a firearm or firearms to protect themselves from, among other things, being robbed for money or valuable controlled substances.

5. The defendant's phone was searched in this case pursuant to a search warrant and the data from the defendant's phone was downloaded for investigators to review. A review of the

defendant's phone uncovered several messages indicative of the phone's user, who the government alleges was the defendant, being involved in the sale of controlled substances.

6.  The defendant's phone also includes a series of messages in which the defendant references being robbed for a large amount of controlled substance, with a high value.

7.  The government's expert will rely on certain messages from the defendant's phone during his testimony. The expert will also testify that the messages about drug trafficking used coded language and slang to refer to controlled substances and other details of drug dealing.

8.  The government's expert will further testify that the messages about the defendant being robbed are a motive for the defendant to obtain a firearm to protect her drug trafficking activities.

## ARGUMENT

Evidence that the defendant distributed controlled substances at other times than the dates charged in the indictment and that the defendant was previously robbed of a large amount of drugs is

highly relevant to proving the defendant committed the crimes charged in Counts One, Two and Three of the indictment.

To be deemed admissible at trial, evidence must first be deemed relevant to the question facing the factfinder. Fed.R.Evid. 401. Evidence that "has any tendency to make a fact more or less probable" is considered relevant and thus is to be admitted if not otherwise barred by a rule, statute, or the United States Constitution. Fed. R. Evid. 401, 402. Pursuant to Fed. R. Evid. 404(b)(1) and (2) evidence of other crimes is not admissible as propensity evidence but is admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident. However, pursuant to Fed. R. Evid. 403, even relevant evidence may be barred if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Under Rule 404(b), other crimes evidence is admissible when: 1) the evidence is directed toward establishing a matter in issue, not propensity to commit a crime; 2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the

matter in issue; 3) the evidence is sufficient to show that the defendant committed the similar act; and 4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Moore*, 531 F.3d 496, 499 (7th Cir. 2008). Where evidence meets the first three prongs of this test, a limiting instruction from the court is sufficient to ensure that the introduction of other crime evidence is not unfairly prejudicial. *Id* at 500 (While other crimes evidence was "prejudicial" in that it helped to establish the elements of the crime the defendant was charged with; the evidence was not unfair where the court gave a limiting instruction on how the other crimes evidence could be used.) It is well established that evidence of recent drug distribution in a case where the defendant is charged with possessing a controlled substance with intent to distribute it can be properly admitted without unfairly prejudicing the defendant. *See United States v. Harris*, 587 F.3d 861, 864 (7th Cir. 2009); *United States v. Mallett*, 496 F.3d 798, 801-02 (7th Cir. 2007); *United States v. Blount*, 502 F.3d 674, 676 (7th Cir. 2007).

    The government seeks to introduce evidence the defendant was actively engaged in drug trafficking prior to the undercover

purchase on February 10, 2021, and her arrest on March 11, 2021. This evidence is highly relevant to multiple issues in this case, including knowledge, lack of mistake, and the intent to distribute. Evidence of the distributions, in the form of expert testimony that the messages are discussing drug transactions is sufficient to prove the defendant made the transactions. A limiting instruction from the Court will ensure that the jurors only consider the other crimes evidence for the proper reasons and not as propensity evidence. In addition, the evidence that the defendant was robbed of a large amount of drugs just months before officers searched her residence and found a firearm is highly relevant as a motive for possessing the firearm in furtherance of her drug trafficking. While motive is not necessarily required, evidence of motive is highly relevant and admissible.

## **CONCLUSION**

Evidence that the defendant was distributing drugs on other dates than just those charged in the indictment is relevant to show that the defendant knew the substances contained a controlled substance, that the defendant didn't act by mistake and that the defendant possessed the methamphetamine with the intent to

distribute it. Evidence that the defendant was the victim of a drug-related robbery is relevant to show motive for possessing the firearm in furtherance of her drug trafficking as the robbery occurred prior to the crimes charged in this case.

WHEREFORE, the United States respectfully requests this Honorable Court to permit its admission at trial of other crimes evidence pursuant to Rule 404(b).

                Respectfully submitted,

                Gregory K. Harris
                UNITED STATES ATTORNEY

                */s/ Matthew Z. Weir*
                Matthew Z. Weir, IL Bar No. 6304257
                Assistant United States Attorney
                318 South 6th Street
                Springfield, IL 62701
                Telephone: 217/492-4450
                Email: Matthew.Weir@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Matthew Z. Weir*
Assistant United States Attorney
